UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALCALA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THERESA MURPHY, et al.,<br><br>    Defendants. | CASE NO: 2:19-cv-00969-KJM-CKD PS |
| JESSE ALCALA, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>BUTTE COUNTY SOCIAL SERVICES, et al.,<br><br>    Defendants. | CASE NO: 2:19-cv-00970-KJM-CKD PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiffs Jesse Alcala and Wendy Milano, who proceed without counsel, filed two actions on May 28, 2019 against Butte County Social Services, Theresa Murphy, Karen Ely and others.[1] See <u>Alcala et al. v. Murphy et al.</u>, 2:19-cv-00969-KJM-CKD (E.D. Cal.) ("<u>Alcala I</u>"); <u>Alcala et al.</u>

---

[1] These actions proceed before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

v. Butte County Social Services et al., 2:19-cv-00970-KJM-CKD (E.D. Cal.) ("Alcala II").

In both Alcala I and Alcala II, plaintiffs request leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (See Alcala I, ECF No. 2; Alcala II, ECF No. 2.) Plaintiffs' applications in support of their requests to proceed in forma pauperis make the showing required by 28 U.S.C. § 1915. Accordingly, plaintiffs' requests to proceed in forma pauperis may be granted.

However, the determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss a case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Here, plaintiffs present two complaints that are nearly identical, except for some minor and inconsequential differences. At the heart of each complaint, plaintiffs allege that defendants violated their rights under the Fourth and Fourteenth Amendments, when they removed plaintiffs' child from plaintiffs' home without a warrant and conducted a blood draw without consent. (See generally, Alcala I, ECF No. 1; Alcala II, ECF No. 1.) "Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." Hardwick v. Cty. of Orange, 844 F.3d 1112, 1116 (9th Cir. 2017).

Based on the limited record in this matter, the court cannot conclude at this time that either complaint fails to state a claim upon which relief can be granted or that plaintiffs seek monetary relief from an immune defendant. At the same time, because both of these complaints raise the same claims, Alcala II is frivolous and should be closed.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District

Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The two actions before the court involve common questions of law and clearly arise out of the same nucleus of common facts. Addressing these common questions in one case would prevent—rather than cause—delay, confusion, and prejudice. Thus, consolidation is warranted. Moreover, in the interest of judicial convenience and to ensure that plaintiffs' claims are fully stated in the surviving action, plaintiffs' claims ought to be restated in a single unified amended complaint in Alcala I, 2:19-cv-00969-KJM-CKD.

The amended complaint shall be clearly captioned "First Amended Complaint." Plaintiffs are informed that the court cannot refer to a prior complaint or other filing in order to make plaintiffs' first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The actions Alcala et al. v. Murphy et al., 2:19-cv-00969-KJM-CKD and Alcala et al. v. Butte County Social Services et al., 2:19-cv-00970-KJM-CKD be CONSOLIDATED.

2. The Clerk of Court be directed to close Alcala et al. v. Butte County Social Services et al., 2:19-cv-00970-KJM-CKD.

3. All future filings be in Alcala et al. v. Murphy et al., 2:19-cv-00969-KJM-CKD.

4. Plaintiffs be directed to file a first amended complaint within 28 days.

IT IS ALSO HEREBY ORDERED that:

1. Plaintiffs' request to proceed in forma pauperis in Alcala et al. v. Murphy et al., 2:19-cv-00969-KJM-CKD (ECF No. 2) is GRANTED.

2. Plaintiffs' request to proceed in forma pauperis in Alcala et al. v. Butte County Social Services et al., 2:19-cv-00970-KJM-CKD (ECF No. 2) is DENIED AS MOOT.

3. All pleading, discovery, and motion practice in each action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

im/alcala.F&R consolidation and IFP grant